Quijada-Perez v. Garland

BIA
Nelson, IJ
A205 077 632

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-two.

PRESENT:
>       RAYMOND J. LOHIER, JR.,
>       STEVEN J. MENASHI,
>       BETH ROBINSON,
>           *Circuit Judges.*

_____

FIDENCIO JORGE REYNALDO QUIJADA-PEREZ,

>       *Petitioner*,

>       v.                                      20-1448
>                                               NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

>       *Respondent.*

_____

FOR PETITIONER:     Bibiana C. Andrade, New York, NY.

FOR RESPONDENT:     Brian M. Boynton, Acting Assistant
                    Attorney General; Anthony P.

Nicastro, Assistant Director;
Linda Y. Cheng, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fidencio Jorge Reynaldo Quijada-Perez, a native and citizen of Guatemala, seeks review of an April 3, 2020, decision of the BIA affirming a March 22, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Quijada-Perez,* No. A 205 077 632 (B.I.A. Apr. 3, 2020), *aff'g* No. A 205 077 632 (Immig. Ct. N.Y. City Mar. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Yanqin Weng v.*

*Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing fact finding for substantial evidence and questions of law de novo). The agency did not err in finding that Quijada-Perez failed to establish past persecution or a well-founded fear of future persecution.

Quijada-Perez claimed that he received threatening telephone calls in 2011 after he witnessed election fraud in Guatemala. The IJ did not exceed the bounds of reasonable adjudication in concluding that these threats do not establish past persecution. *See Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006). Unfulfilled threats must be "of a highly imminent and menacing nature in order to constitute persecution." *Zhen Hua Li v. Att'y Gen.*, 400 F.3d 157, 164 (3rd Cir. 2005); *see also Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (recognizing "a small category of cases" in which threats can amount to past persecution if they "are so menacing as to cause significant actual 'suffering or harm'"). Quijada-Perez confirmed that he was not physically harmed, and he did not allege that any attempts were made to harm him or his family. He offered no particular evidence that the threats reflected a credible and

imminent risk of harm to him. On this record, the agency reasonably determined that he did not suffer past persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)); *Gui Ci Pan*, 449 F.3d at 412–13.

Quijada-Perez thus had the burden to establish a "well-founded fear" of future persecution. 8 C.F.R. § 1208.13(b)(1). A well-founded fear is one that is both credible and "objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Although a "fear may be well-founded even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), "[i]n the absence of solid support in the record . . . , [an applicant's] fear is speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency did not err in finding the future persecution claim speculative. Quijada-Perez alleged that he would still be in danger if he returned to Guatemala, but the threats

4

were made in 2011 in the week following the election, he did not receive further threats, his fellow party members were not harmed after protesting against election fraud the same week, the opposition party won the election, and he did not allege that any attempts were made to harm him or his family. Nor did Quijada-Perez demonstrate that the callers would find him if he returned to Guatemala given that he witnessed fraud related to a municipal election, not a national one, and he did not allege continued interest in him. On this record, the agency reasonably concluded that Quijada-Perez's fear of future persecution was speculative. *See Jian Xing Huang*, 421 F.3d at 129.

The above findings are dispositive of both asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1), (2), 1208.16(b)(1), (2). Quijada-Perez has waived his CAT claim by failing to argue it in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming CAT claim abandoned where not argued in brief). Moreover, his failure to demonstrate a well-founded fear of persecution is dispositive because a CAT claim requires a greater likelihood of future harm. *See Lecaj v. Holder*, 616

5

F.3d 111, 119-20 (2d Cir. 2010) (an applicant who fails to establish the "chance of persecution required for . . . asylum . . . necessarily fails to demonstrate . . . the more likely than not to be tortured standard required for CAT relief" (quotation marks and citation omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court